IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS ANTONIO RAMIREZ ESCOBAR <br> 3900 16th St. NW APT 134 <br> Washington DC, DC 20011 <br><br> HECTOR BLADIMIR GUDIEL RIVERA <br> 3126 16th St. <br> Washington, DC 20010 <br><br> Plaintiffs, <br><br> v. <br><br> AKCS, LLC <br> 43003 Northlake Blvd. <br> Leesburg, VA 20176 <br><br> Serve: C T Corporation System <br> 1015 15th St NW Suite 1,000 <br> Washington, D.C. 20005 <br><br> JOHN STEELE <br> 43003 Northlake Blvd. <br> Leesburg, VA 20176 <br><br> NEW CHIMERA, LLC <br> 43003 Northlake Blvd. <br> Leesburg, VA 20176 <br><br> Serve: John Reeves Steele <br> 43003 Northlake Blvd. <br> Leesburg, VA 20176 <br><br> Defendants. | Case No. _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Jesus Antonio Ramirez Escobar and Hector Bladimir Gudiel Rivera (hereinafter "Plaintiffs"), by and through their undersigned counsel, hereby submit this Collective Action Complaint against Defendants, AKCS, LLC, John Steele, and New Chimera,

"

LLC (hereinafter collectively "Defendants") for violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"), and the D.C. Wage and Hour Law, D.C. Code §§ 32-1001 *et seq.* (hereinafter "DCMWA").

## PARTIES AND JURISDICTION

1. Plaintiff Jesus Antonio Ramirez Escobar is over twenty-one years of age and a resident of Washington, D.C.

2. Plaintiff Hector Bladimir Gudiel Rivera is over twenty-one years of age and a resident of Washington, D.C.

3. AKCS, LLC is a corporation registered to do business in the District of Columbia.

4. John Steele is an individual over twenty-one years of age and, upon information and belief, a resident of Virginia.

5. New Chimera, LLC is corporation formed under the laws of Virginia.

6. At all times relevant to this action – June 17, 2012 through the present – AKCS, LLC and New Chimera, LLC operated continuously as construction company in Washington, D.C.

7. At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA - 29 U.S.C. § 203(s)(l).

8. At all times relevant, Defendants qualified as an "enterprise" within the meaning of the FLSA - 29 U.S.C. § 203(r).

9. At all times relevant, Defendants employed two or more employees who handled goods that had previously moved through commerce.

10.     At all times relevant, Defendants have had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

11.     By filing suit as named Plaintiffs in the present lawsuit, Plaintiffs provide notice, through counsel, of their consent to join a collective action suit against Defendants pursuant to the FLSA and the DCMWA in the U.S. District Court of the District Court of Columbia.

## FACTS

12.     Defendants operated AKCS, LLC and New Chimera, LLC in Washington, D.C. as a construction company

13.     Defendants generally paid Plaintiffs via the account of AKCS, LLC. However, Defendants occasionally paid Plaintiffs from the account of New Chimera, LLC. However, Plaintiffs' position, job location, and management structure remained unchanged during this time.

14.     At all times during Plaintiffs' employment periods, John Steele was the owner and manager of AKCS, LLC and New Chimera, LLC.

    a.     At all times during Plaintiffs' employment, John Steele had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

    b.     At all times during the period of Plaintiffs' employment, John Steele supervised the work duties of Plaintiffs to ensure their work was of sufficient quality.

    c.     At all times during the period of Plaintiffs' employment, John Steele set and controlled the work schedule or had the power to set and the work schedule of Plaintiffs.

3

    d.    At all times during the period of Plaintiffs' employment, John Steele set and determined the rate and method of pay or had the power to set and determine the rates and methods of pay of Plaintiffs.

    e.    At all times during the period of Plaintiffs' employment, John Steele had the power to control the day-to-day operations of AKCS, LLC and New Chimera, LLC.

15. Jesus Antonio Ramirez Escobar worked as laborer for Defendants from roughly August 1, 2011 until June 1, 2015. During this time, Defendants paid Mr. Ramirez between $9.00 and $9.50 per hour.

16. Hector Bladimir Gudiel Rivera worked as laborer for Defendants from roughly April 2, 2014 until June 1, 2015. During this time, Defendants paid Mr. Gudiel Rivera $8.75 per hour.

17. Plaintiffs generally worked about 45 hours per week. Throughout the course of Plaintiffs' employment, Defendants had knowledge that Plaintiffs typically worked many overtime hours per week or suffered or permitted Plaintiffs to work many overtime hours per week.

18. However, Defendants failed to pay Plaintiffs at the rate of one-and-one-half (1½) times Plaintiffs' regular rates of pay for hours worked each week in excess of forty (40).

19. At no time did Plaintiffs perform work that meets the definition of exempt work under the FLSA or the DCMWA.

20. Defendants' failure to pay Plaintiffs overtime, as required by the FLSA and the DCMWA, was willful and intentional.

## COLLECTIVE ACTION ALLEGATIONS

21. The putative class members are defined as all current and former hourly employees of Defendants, employed during the period June 17, 2012 through the present, who were suffered or permitted to work by Defendants and were subject to Defendants' policy of not properly compensating them at the rate of time and half their regular rate for the hours they worked over forty in each workweek (hereinafter "Wage and Hour Collective").

22. During the Relevant Period, Plaintiffs and the Wage and Hour Collective regularly worked more than 40 hours per week.

23. Defendants engaged and continue to engage in a common scheme whereby the Defendants paid Plaintiffs and the Wage and Hour Collective straight wages at their regular rates, even for the hours worked over forty.

24. Defendants engaged and continue to engage in their unlawful conduct pursuant to a corporate policy of failing to pay their employees time and a half for the hours they work over forty.

25. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to Plaintiffs and the Wage and Hour Collective.

26. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

27. Those similarly situated employees are known to Defendants, are readily identifiable by Defendants, and locatable through Defendants' records. Plaintiffs believe that there exist approximately one hundred (100) similarly situated individuals.

28. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b) and the DCMWA.

## CAUSES OF ACTION

### COUNT I
### Federal Fair Labor Standards Act
### (Overtime)

29. Plaintiffs reallege and reassert each and every statement above, as if each were set forth herein.

30. The FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

31. Plaintiffs and the Wage and Hour Collective were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1).

32. Defendants were the "employers" of Plaintiffs and the Wage and Hour Collective under FLSA, 29 U.S.C. § 207(a)(2).

33. Defendants, as the employers for Plaintiffs and the Wage and Hour Collective, were obligated to compensate the Plaintiffs and the Wage and Hour Collective at the overtime rate of one-and-one-half (1½) times their regular rate for all hours worked per week in excess of forty (40).

34. As set forth above, while in Defendants' employ, Plaintiffs and the Wage and Hour Collective worked many overtime hours.

35. As set forth above, while in Defendants' employ, Defendants failed and refused to compensate Plaintiffs at the FLSA required overtime rate equal to one-and-one-half (1½) times their regularly hourly rate for overtime hours worked each week.

6

36. Defendants' failure and refusal to pay Plaintiffs and the Wage and Hour Collective, as required by the FLSA, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs and the Wage and Hour Collective under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Washington, D.C. Minimum Wage Act
### (Overtime)

37. Plaintiffs reallege and incorporate herein the allegations contained in the paragraphs above.

38. At all times relevant to this Complaint, Defendants violated the overtime provisions of the District of Columbia Minimum Wage Act by failing to pay Plaintiffs and the Wage and Hour Collective time and a half for all hours Plaintiffs and the Wage and Hour Collective worked over forty (40) that they worked in each particular workweek.

39. Defendants were, at all times relevant to this complaint, "employers" of Plaintiffs and the Wage and Hour Collective within the meaning of the DCMWA.

40. Plaintiffs and the Wage and Hour Collective worked over 40 hours per week, for many weeks, during the time Plaintiffs and the Wage and Hour Collective worked for Defendants. Despite this, Defendants did not pay Plaintiffs and the Wage and Hour Collective time and a half the hours all the worked over forty Plaintiffs and the Wage and Hour Collective worked.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs and the Wage and Hour Collective under Count II for all unpaid overtime wages in such amounts as are proven

at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar No. 1001110
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, MD 20910
Telephone: (301) 587-9373
Fax: (301) 587-9397
mamster@zagfirm.com

*Counsel for Plaintiffs*
