## GENERAL RELEASE AND SETTLEMENT AGREEMENT

This General Release and Settlement Agreement (hereinafter "Agreement") is hereby entered into between Jesus Antonio Ramierez Escobar, Hector Bladimir Gudiel Rivera, and Jose Manuel Hernandez (hereinafter collectively "Employees") on the one hand and AKCS, LLC, New Chimera, LLC, and John Steele (hereinafter collectively "Employers") on the other. Employers and Employees shall collectively be referred to as the "Parties" and individually as a "Party". This Agreement sets forth the understandings and resolutions between the Parties.

WHEREAS, Employees have brought a claim against Employers for unpaid wages and overtime; and

WHEREAS, Employees filed suit against Employers in the U.S. District Court of the District of Columbia (the "Court"), styled *Ramirez Escobar et. al. v. AKCS, LLC et. al.* Case No. 1:15-cv-00932-RMC (the "Litigation"); and

WHEREAS, the Parties desire to resolve all matters and disputes between them amicably and to avoid any future litigation.

NOW THEREFORE, it is hereby agreed between Employees and Employers to fully and finally settle and completely dispose of all existing or potential issues, claims, grievances, and disputes between them, and

IN CONSIDERATION OF THE MUTUAL PROMISES MADE HEREIN:

1. Employers agree to pay Employees, in the aggregate, the sum of Eight Thousand Two Hundred Thirty Two Dollars and 24/100 Dollars ($8,232.24) (the "Settlement Amount") in the manner set forth herein.  Employers shall deliver the Settlement Amount, by separate checks payable to the individual Employees in amounts as provided herein, to Michael Amster at Zipin, Amster & Greenberg, LLC - 836 Bonifant Street Silver Spring, Maryland 20910 – within fifteen (15) days of the Court's approval of the settlement provided for in this Agreement but in no event will Employers be required to make the payments required pursuant to this provision prior

to October 31, 2015. Notwithstanding anything in this Agreement to the contrary, this Agreement and the settlement memorialized herein will only become effective upon the Court's approval of all terms of this Agreement. As such, no payments required to be made by Employers hereunder are required to be made until the Court has approved the settlement terms set forth in this Agreement.

    a. Employers shall submit four checks made payable to Jesus Antonio Ramirez Escobar in amounts as follows:

$733.35 (less applicable employment taxes and withholdings)

$733.35 (not subject to taxes or withholdings)

$2,478.15 (less applicable employment taxes and withholdings)

$2,478.15 (not subject to taxes or withholdings)

    b. Employers shall submit four checks made payable to Hector Bladimir Gudiel Rivera in amounts as follows:

$392.78 (less applicable employment taxes and withholdings)

$392.78 (not subject to taxes or withholdings)

$385.84 (less applicable employment taxes and withholdings)

$385.84 (not subject to taxes or withholdings)

    c. Employers shall submit four checks made payable to Jose Manuel Hernandez in amounts as follows:

$67.50 (less applicable employment taxes and withholdings)

$67.50 (not subject to taxes or withholdings)

$58.50 (less applicable employment taxes and withholdings)

$58.50 (not subject to taxes or withholdings)

    d. The foregoing payments represent payment to Employees by Employers of all claims for unpaid overtime and/or wages, whether or not such claims were asserted in the Litigation and

the payment of an amount equal to all claimed unpaid overtime and/or wages as liquidated damages, as provided under the provisions of the Fair Labor Standards Act.

2. Within fifteen (15) days of the Court's approval of this Agreement, but in no event prior to October 31, 2015, Employers shall submit checks payable to "Zipin, Amster & Greenberg, LLC" in the aggregate amount of Seven Thousand Seven Hundred Fifty and 00/100 Dollars ($7,750.00) as full payment of all legal fees and related expenses incurred by Employees in the prosecution and settlement of all claims of Employees, whether or not asserted in the Litigation.

3. Within five business days from the receipt of the payments, as set forth above, counsel for Employees shall submit a stipulation of dismissal of all of Plaintiffs' claims in the Litigation, with prejudice. Such Stipulation of Dismissal shall be in the form attached hereto as Exhibit A.

4. Employees, on behalf of themselves, their heirs, executors, administrators, personal representatives, and assigns (hereinafter "Releasors"), do hereby release, acquit, exonerate, and forever discharge Employers and their past and present affiliates, successors, assigns, predecessors, owners, principals, subsidiaries, insurers, reinsurers, employees, and all persons acting by, through, under or in concert with any of them (hereinafter "Releasees"), of and from all and every manner of action and actions, charges, grievances, cause and causes of action, obligations, demands, liabilities, defenses, suits, debts, dues, sums of money, accounts, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, expenses, of any kind whatsoever, known or unknown, contingent or fixed, liquidated or unliquidated, matured or unmatured, in law, equity, or otherwise, which the Releasors ever had, now have, or hereafter can, shall, or may have against the Releasees, individually or collectively, for, upon, or by reason of any act, event, occurrence, or omission which has arisen prior to the date Employees execute this Agreement. This Release includes, but

is not limited to, any claim arising out of Employees' working relationship with Employers including, but not limited to, claims under the Age Discrimination and Employment Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Fair Labor Standards Act, each and every Maryland, Virginia and/or District of Columbia law or regulation relating to the payment of wages to employees, the Americans With Disabilities Act, the Employee Retirement Income Security Act of 1974, and any other federal, state, or local statute or regulation, and claims under state or federal common law or any other law relating to employment matters, including the payment of wages, or prohibiting employment discrimination or harassment, or other tort or common law claim. This release also includes any claim for attorneys' fees, liquidated damages and interest relating to the foregoing.

It is expressly agreed and understood (1) that this paragraph constitutes and is intended to be a General Release of all claims; (2) that this paragraph shall be enforced to the fullest extent permitted by law; and (3) that this paragraph is a material term of the Agreement such that, in the absence of this paragraph, Employers would not have entered into this Agreement.

5. Employees agree that they may not disclose the terms of this Agreement to anyone other than (1) their spouse, (2) to a federal, state, or local taxing authority, (3) as required by law, or (4) as necessary to obtain legal or tax advice from an attorney or financial professional, provided that Employees make this confidentiality provision known to their spouse or any such financial or legal professional. If questioned about the status of their claims against the Employers, Employees are to respond with words to the effect that "the matter has been concluded."

6. Employees acknowledge that nothing in this Agreement is to be construed as an admission of any wrongdoing or liability on the part of Employers under any statute or otherwise and that Employers specifically and expressly denies any wrongdoing or liability.

7. Employees represent that they have not assigned, transferred, or purported to assign or transfer, to any person or entity, any claim against Employers or Releasees or any portion thereof or interest therein.

8. In the event it is necessary for either party to bring legal action to enforce the terms of this Agreement, the prevailing party to any such action will be entitled to recover from the other party all reasonable attorneys' fees and costs incurred.

9. The Parties agree that this Agreement contains and comprises the entire agreement and understanding of the parties and that there are no additional promises or terms of the agreement among the parties.

10. The Parties agree that this Agreement shall not be modified except by a writing signed by each of the Parties hereto.

10. The Parties agree that except as provided herein, each Party will be responsible for his or its own costs or attorney's fees.

11. The Parties agree that this Agreement and the rights and obligations hereunder shall be governed by, and construed in accordance with, the laws of the District of Columbia.

12. The Parties agree that, if any terms of the above provisions of this Agreement are found null, void or inoperative, for any reason other than the Court's failure to approve the form and substance of the settlement terms contained herein, the remaining provisions will remain in full force and effect.

13. The Parties agree that the language of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

14. Employees represent that they have read this Agreement, that they understand all of its terms, that they have fully discussed the terms of this Agreement with their attorney, Michael Amster of Zipin, Amster & Greenberg, LLC, and that, in executing this Agreement,

they did not rely and have not relied upon any representation or statement made by any of the Employers its or their agents, representatives, or attorneys with regard to the subject matter, basis, or effect of the Agreement. Employees represent that they enter into this Agreement voluntarily, of their own free will, and with knowledge of its meaning and effect.

15. The Parties agree to jointly move the Court for approval of this Agreement and, if necessary, to set a hearing for oral presentation of the proposed settlement. The Parties agree that absent Court order, this Agreement shall not be binding on or enforceable against either Party. Each Party agrees to bear its own costs and expenses, including legal fees, with respect to obtaining the Court's approval of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement:

_____ 09-23-15
Jesus Antonio Ramierez Escobar /Date

_____ 09/23/15
Hector Bladimir Gudiel Rivera/Date

_____ 24/9/15
Jose Manuel Hernandez/Date


_____
John Steele, Individually /Date

AKCS, LLC

By: _____ 10/2/15
John Kistner, Managing Member/Date


New Chimera, LLC

By: _____
John Steele, Managing Member/Date

6

they did not rely and have not relied upon any representation or statement made by any of the Employers its or their agents, representatives, or attorneys with regard to the subject matter, basis, or effect of the Agreement. Employees represent that they enter into this Agreement voluntarily, of their own free will, and with knowledge of its meaning and effect.

**15.** The Parties agree to jointly move the Court for approval of this Agreement and, if necessary, to set a hearing for oral presentation of the proposed settlement. The Parties agree that absent Court order, this Agreement shall not be binding on or enforceable against either Party. Each Party agrees to bear its own costs and expenses, including legal fees, with respect to obtaining the Court's approval of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement:

_____ 09-23-15
Jesus Antonio Ramierez Escobar /Date

_____ 09/23/15
Hector Bladimir Gudiel Rivera/Date

_____ 24/9/15
Jose Manuel Hernandez/Date

_____ 10-13-15
John Steele, Individually /Date

AKCS, LLC

By:_____
      John Kistner, Managing Member/Date

New Chimera, LLC

By:_____ 10-13-15
      John Steele, Managing Member/Date

6